# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

JAMES RIVERS,                          *
                                       *
    Plaintiff,                     *
                                       *
vs.                                    *
                                       *  CIVIL ACTION NO. 20-00605-KD-B
                                       *
KILOLO KIJAKAZI,                       *
Acting Commissioner of Social          *
Security,[1]                           *
                                       *
    Defendant.

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's unopposed motion requesting remand of this case to the Commissioner of Social Security pursuant to 42 U.S.C. §§ 405(g). (Doc. 16). This Motion has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3).

A review of the pleadings in this case reveals that Plaintiff filed a complaint on December 21, 2020, alleging that the decision of the Commissioner of Social Security denying his application for a period of disability, disability insurance benefits, and

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Therefore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. 405(g).

supplemental security income was not supported by substantial evidence on the record as a whole and was based upon errors of law, including but not limited to a failure to follow the required five-step procedure and a failure to properly apply the listings. (Doc. 1 at 3-4). On August 20, 2021, Defendant filed the instant motion, asserting that this matter should be remanded to the Commissioner of Social Security for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g), including (1) evaluate the medical source statement from Donald Blanton, Ph.D.; (2) further consider Plaintiff's residual functional capacity; (3) obtain supplemental vocational expert evidence at a hearing, if necessary; and (4) issue a new decision. (Doc. 16). Defendant represents that Plaintiff's attorney has been contacted and does not oppose this motion for remand. (Id.).

The plain language of sentence four of 42 U.S.C. § 405(g) empowers this Court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." See 42 U.S.C. § 405(g). Upon consideration, the Court finds Defendant's motion to be a tacit admission that Plaintiff's application was not appropriately considered and that this action should therefore be remanded.

Accordingly, it is **RECOMMENDED** that Defendant's unopposed motion for remand under sentence four (Doc. 16) be **GRANTED** and

2

that this action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings not inconsistent with the orders of this Court.  See <u>Melkonyan v. Sullivan</u>, 501 U.S. 89 (1991).  The remand pursuant to sentence four of § 405(g) makes Rivers a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, <u>see</u> <u>Shalala v. Schaefer</u>, 509 U.S. 292 (1993), and, upon adoption of the Report and Recommendation, terminates this Court's jurisdiction over this matter.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of [28 U.S.C. § 636(b)(1)](#) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on

appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**ORDERED** this **23rd** day of **August, 2021.**

                                    **/s/ SONJA F. BIVINS**
                            **UNITED STATES MAGISTRATE JUDGE**